JUDSON M. BEMIS & another *vs.* JOHN J. DRISCOLL & wife.

An officer and appraisers, charged with the duty of levying execution on a small parcel of land with a dwelling-house thereon, recited in their return and certificate that the judgment debtor claimed an estate of homestead, and the estate could not be divided without damage; and set off eight undivided eighteenth parts of the estate to the debtor as a homestead, and five undivided eighteenth parts to the creditor in satisfaction of the execution. The debtor had no estate of homestead in the land. *Held*, notwithstanding, that the levy on the five eighteenths was valid.

WRIT OF ENTRY by Judson M. Bemis and Edward J. Brown against John J. Driscoll and Margaret E. Driscoll, his wife, to recover five undivided eighteenths of a piece of land, measuring fifty-two and a half feet by twenty-seven and a half feet, with a dwelling-house thereon, in South Boston. Plea, *nul disseisin.*

At the trial in the superior court, before *Lord*, J., the demandants claimed title under levy of execution, upon the land as the property of John J. Driscoll, issued on a judgment for $457.68 against him and Granville S. Johnson. The record title in 1868,

at the time of the levy, was in Mrs. Driscoll, and the demandants contended that the land had been conveyed to her, in fraud of creditors, by her husband, who acquired title to it by deed in 1864. It was admitted that at the time of the levy the tenants actually occupied the premises as their home, but that no declaration of an estate in homestead in John J. Driscoll was on record in any form.

The officer, in his return of the execution, after reciting the levy, service of notice and appointment of appraisers, continued as follows : " It being represented that the debtor claims a homestead in said premises, and being of opinion that they are of greater value than $800, I had said appraisers proceed with me, enter upon and view said real estate which was shown to them and me as the estate of the said John J. Driscoll, although the record title thereof stands in the name of Margaret E. Driscoll, wife of said John J., and they appraised the whole of said premises to be of the value of $1800. As they were of opinion that said premises could not be divided without damage to the whole, they set off to said debtor eight undivided eighteenth parts thereof for his homestead, which they appraised to be of the value of $800, and the residue of said real estate, being ten undivided eighteenth parts thereof, they appraised to be of the value of $1000, which is more than sufficient to satisfy this execution. Therefore they appraise one half of said residue, being five undivided eighteenth parts of the whole of said real estate, to be of the value of $500, which portion they set off to said creditors, to be held by them in common with the debtor, as described in their certificate." He then recited the delivery of seisin, and returned the execution satisfied in full for debt, costs, interest and all fees.

The certificate of the appraisers, after describing the premises by metes and bounds, proceeded thus : " It being represented to us that said debtor claims a homestead in said real estate, we have been requested to set off so much of the same, including the dwelling-house or a part thereof, as shall appear to be of the value of $800, if in our judgment said premises are of greater value than $800. After a careful examination thereof, we are

of opinion that said premises are of greater value than $800, and that they cannot be divided without damage to the whole. So we have appraised the whole to be of the value of $1800, and have set off to said debtor eight undivided eighteenth parts thereof for his homestead, which we have appraised to be of the value of $800. The residue of said estate, being ten undivided eighteenth parts, we have appraised to be of the value of $1000, which is more than sufficient to satisfy said execution. We have therefore appraised one half of said residue, being five undivided eighteenth parts of the whole of said real estate, to be of the value of $500; which portion we have set out by metes and bounds as aforesaid to Judson M. Bemis and Edward J. Brown, the judgment creditors of said execution, to be held by them and their assigns, in common with the debtor, forever, in full satisfaction of their execution and all fees."

Before any evidence upon the question of fraud had been offered by the demandants, the judge ruled, upon inspection of the return, that the levy was void, because a homestead was set off; and on the ground that it did not appear that the land taken to satisfy the execution could not have been set off to the demandants by metes and bounds if no homestead had been allowed; and directed a verdict for the tenants. The demandants alleged exceptions.

*E. H. Abbot*, for the demandants.

*W. Brigham*, for the tenants.

AMES, J. It is very manifest that the officer who levied the execution under which the demandants claim their title, and the appraisers who set off to them an undivided interest in the demanded premises, fell into two very serious errors. They have undertaken to set off a homestead right to a man who had no such right; and they have also set off this supposed homestead in such a manner that he could not hold it, even if he had such a right. The judgment debtor in this case had fulfilled none of the conditions prescribed in the Gen. Sts. *c.* 104, § 2, to entitle him to a homestead; and even if he had done so, there is no authority on the part of any officer or appraisers to give him, as his homestead, an undivided share in a dwelling-house to be

held and occupied in common with other owners. From the nature of the case, the homestead is for the personal use of the debtor and his family, and must be several and exclusive as far as it goes. So far then as the officer and the appraisers undertook to act on the subject of the judgment debtor's homestead, their doings were simply void, and the eight undivided eighteenth parts of the premises described in the declaration, which they undertook to set off to him as homestead, remain wholly unaffected by the proceedings.

It does not follow, however, that the levy of the execution is rendered invalid, in consequence of this mistake. It appears upon the face of the return, and of the certificate, that, after a careful examination, the appraisers were of opinion that the premises could not be divided without damage to the whole, and also that their value exceeded the amount of the execution under which they were acting. *Primâ facie*, then, it would be a case in which, under the Gen. Sts. *c.* 103, § 10, the levy might lawfully be made upon an undivided portion of the whole, to be determined by the appraisers. It is true they precede this portion of their certificate by words which indicate an intention to set off to the judgment debtor his supposed homestead ; and if there appeared to be any ground to suppose that the setting off of this homestead produced the indivisibility which they find in the premises, or added anything to the difficulty of so dividing them as to give to the judgment. creditors a portion in severalty, undoubtedly the levy of the execution would be void. But it is to be remembered that they were dealing with a very small lot of land, fifty-two and a half feet long and twenty-seven and a half feet wide, on which stood a dwelling-house, and that they were acting on the assumption, erroneous as it was, that the debtor's homestead was to be provided for first, and the satisfaction of the execution was to come next. They could not possibly have supposed that a homestead in the shape of an undivided share of the house would be so convenient or desirable to the debtor as a several and distinct portion of which he and his family could have the exclusive occupation. The recital as to the indivisible character of the estate precedes the attempt to

set off the homestead, and in fact seems to be set forth as the reason why they set off the homestead in that peculiar and irregular manner. There seems, therefore, on the face of the return and certificate, to be no reason whatever for saying that the allowance of the homestead created the difficulty of dividing the land, or had anything to do with it. On the contrary, the fair interpretation of the certificate seems to be its literal interpretation, and the appraisers must be viewed as certifying that the estate could " not be divided without damage to the whole," whether for the purposes of the homestead or of the execution.

If then all that was done by the officer and the appraisers in relation to the supposed homestead is to be treated as a mere nullity, the return would show simply that thirteen undivided eighteenth parts of the land remain untouched and unaffected by their proceedings, and that the execution was duly and properly levied upon and satisfied out of the remaining five eighteenths. The superfluous labor expended in misdescribing a portion of what the execution did not take, and giving to that portion a name which does not belong to it, would do neither good nor harm to the title of either party, but would be simply a nullity.

The case therefore was improperly withdrawn from the jury and the *Exceptions are sustained.*